**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Terence Poulton,**<br><br>　　**Debtor.**<br><br>**Shannon Poulton,**<br><br>　　**Joint Debtor.**<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST,**<br><br>　　**Movant,**<br><br>　　　**v.**<br><br>**Terence Poulton,**<br><br>**Shannon Poulton,**<br><br>　　**Debtors/Respondents,**<br><br>**KENNETH E. WEST,**<br><br>　　**Trustee/Additional Respondent.** | **Bankruptcy No. 26-10046-djb**<br><br>**Chapter 13**<br><br>**Hearing Date: July 2, 2026**<br>**Hearing Time: 11:00 A.M**<br>**Hearing Location: 900 Market Street, Suite 201 Philadelphia, PA 19107**<br>**Courtroom Number #2** |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION
TRUST TO PERMIT FORECLOSURE
OF 860 WEBER DRIVE, YARDLEY, PENNSYLVANIA 19067-4631**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL

CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST

("Movant" or "Secured Creditor"), by and through the undersigned counsel, hereby moves this

Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a

modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Terence Poulton, and Shannon Poulton ("Debtors"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on January 6, 2026.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On September 29, 2005, Terrence M. Poulton executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $220,000.00 in favor of Wachovia Mortgage Corporation.  A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded October 17, 2005, in Book 4672 at Page 617 of the Public Records of Bucks County, PA.  A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 860 Weber Drive Yardley, Pennsylvania 19067-4631, (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on May 20, 2015, creating a new principal balance of $205,006.47. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF III ACQUISITION TRUST and same recorded with the Bucks County Recorder of Deeds on May 5, 2026, as Instrument Number 2026019575. A true and correct copy of the

Assignment of Mortgage is attached hereto as Exhibit "D".

8. Movant is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan.  Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

9. Based upon the Debtors' Chapter 13 Plan (Docket No.18), the Trustee intends to cure Movant's pre-petition arrearages within the Chapter 13 Plan, and the Debtor is responsible for maintaining post-petition payments directly to Movant. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "E."

10. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $2,792.84 which came due on February 1, 2026, through June 1, 2026. *see* Exhibit "F".

11. Thus, Debtor(s)' post-petition arrears total $13,964.20 through June 2026. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the cure period alleged above.  In addition, as this Motion for Relief is timely filed, if applicable, Debtor shall be responsible for related legal fees and costs in prosecution of this action.

12.  As of June 1, 2026, currently, the unpaid principal balance due under the loan documents is $189,718.27. Movant's total claim amount, itemized below, is $285,393.67. *see* Exhibit "F".

| Principal Balance | $189,718.27 |
|---|---|
| Interest (06/01/24-06/01/26) | $22,291.92 |
| Escrow Advance | $59,057.06 |
| Total-Fees | $15.00 |
| Recoverable Balance | $14,311.42 |
| Total Payoff | $285,393.67 |

13. Debtors' docketed schedules list the value of the Property as $912,000.00. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "G".

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtors have no assets or equity in the mortgaged property.

15. As set forth herein, Debtors defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

16. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

18. Further, once the automatic stay is terminated, Debtors will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit U.S.   BANK   TRUST   NATIONAL

26-10046-djb
RAS#26-400746
MFR

ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER

TRUSTEE FOR RCF III ACQUISITION TRUST to take any and all steps necessary to exercise

any and all rights it may have in the collateral property described herein, gain possession of said

collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding,

waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief

as this Honorable Court deems just and appropriate.

Date: June 4, 2026

**Robertson, Anschutz, Schneid, Crane
& Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Jordan Katz
Jordan Katz, Esquire
PA Bar Number 334503
Email: jkatz@raslg.com

26-10046-djb
RAS#26-400746
MFR

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

In re:
Terence Poulton,
Shannon Poulton.

CHAPTER:   13

Debtor(s) | CASE NO.    26-10046-djb

## DECLARATION OF INDEBTEDNESS

Property Address:
860 Weber Drive Yardley, Pennsylvania 19067-4631

Mortgage Servicer:
SELENE FINANCE LP

Post-petition mailing address for Debtor(s) to send payment:
3501 Olympus Blvd.
Suite 500 Dallas, TX 75019

Mortgagor(s)/Debtor(s):
Terence Poulton (Debtor)

Payments are contractually due:

☒ Monthly ☐ Semi-monthly   ☐ Bi-weekly   ☐ Other

Each Monthly Payment is comprised of:
Principal and Interest.....   $1,110.16
R.E. Taxes......................   $1,682.68
Insurance.......................   Included in R.E. Taxes
Late Charge....................   $0.00
Other.............................   $0.00      (Specify: N/A)
**TOTAL**........................   $2,792.84

**POST-PETITION PAYMENTS** (Petition was filed on January 6, 2026)

| Date Received | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| 02/01/2026 DUE | $0.00 | $2,792.84 | - | - | N/A |
| 03/01/2026 DUE | $0.00 | $2,792.84 | - | - | N/A |
| 04/01/2026 DUE | $0.00 | $2,792.84 | - | - | N/A |
| 05/01/2026 DUE | $0.00 | $2,792.84 | - | - | N/A |
| 06/01/2026 | $0.00 | $2,792.84 | - | $0.00 | N/A |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: (5) as of June 1, 2026.
TOTAL AMOUNT OF POST-PETITION ARREARS: $13,964.20 as of June 1, 2026.

I hereby certify, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that I have examined the information in the foregoing, and have a reasonable belief that the information contained herein is true and correct.

Dated:      JUN 0 3 2026

_____
Mortgage Company
SELENE FINANCE LP FOR U.S. BANK
TRUST NATIONAL ASSOCIATION, NOT
IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR RCF
III ACQUISITION TRUST

Christine Le   Bankruptcy Specialist
_____
(Print Name and Title)

Jacksonville      FL
_____
Location
Signature

26-10046-djb
RAS#26-400746
MFR