**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>TERENCE POULTON AND<br>SHANNON POULTON<br>    Debtors | Case No. 26-10046-djb |
| Wells Fargo Bank, N.A.,<br><br>    Movant | Chapter 13 |
| vs.<br>TERENCE POULTON AND<br>SHANNON POULTON<br>    Respondents | 11 U.S.C. §362 |

**MOTION FOR ADEQUATE PROTECTION PAYMENTS OR IN THE ALTERNATIVE**
**RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY**
**PROCEDURE RULE 4001**

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to proceed with its state court rights on its mortgage on real property owned by TERENCE POULTON and SHANNON POULTON (the "Debtors").

1.      Movant is Wells Fargo Bank, N.A**.**

2.      Debtors, TERENCE POULTON and SHANNON POULTON, is/are the owner(s) of the premises located at 860 Weber Drive, Yardley, Pennsylvania 19067 hereinafter known as the mortgaged premises.

3.      Movant is the holder of a mortgage on the mortgaged premises.

4.      Debtors' failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5.      The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed as of May 22, 2026:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 1 | January 17, 2026 | January 17, 2026 | $2,267.27 | $2,267.27 |
| 4 | February 17, 2026 | May 17, 2026 | $2,228.54 | $8,914.16 |
| | | Less partial payments (suspense balance): ($0.00) | | |

**Total: $11,181.43**

6.      The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1.  The Secured Creditor does not waive it's right to collect these amounts.

7.      A post-petition payment history is attached hereto as Exhibit A.

8.      The next payment is due on or before June 17, 2026 in the amount of $2,228.54.  Under the terms of the Note and Mortgage, Debtors have a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

9.      Upon information and belief, the payoff amount as of May 22, 2026 is $208,560.28.

10.     Debtor's Schedule A/B lists a fair market value for the Property in amount of $912,000.00.

11.     Movant has cause to see adequate protection payments from the Debtors.

12.     In the alternative, if the Debtor fails to tender the adequate protaction payments then Movant has cause to have the Automatic Stay terminated as to permit Movant to proceed with its state court rights pursuant to the mortgage contract.

13.     Movant specifically requests permission from the Honorable Court to communicate with and Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law.

14.     Movant, it's successors and assignees posits that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(4), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting

relief from the automatic stay.

15.    Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a.    Requiring debtors to begin tendering adequate protection payments with respect to the property at 860 Weber Drive, Yardley, Pennsylvania 19067 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b.    In the alternative Modifying the Automatic Stay under Section 362 with respect to 860 Weber Drive, Yardley, Pennsylvania 19067 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

c.    Movant specifically requests permission from this Honorable Court to communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law; and

d.    That the Trustee cease making any further distributions to the Creditor; and

e.    Holding that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(4), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

f.    Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

g.       Granting any other relief that this Court deems equitable and just.

June 9, 2026

*/s/Andrew Spivack*
Andrew Spivack, PA Bar No. 84439
Mario Hanyon, PA Bar No. 203993
Jay Jones, PA Bar No. 86657
Brandon Perloff, PA Bar No. 316979
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com